UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TAMMY FREDENBURG,

    Plaintiff,

v.                                                  Case No. 1:16-CV-251

J.C. PENNEY CORPORATION, INC.,         HON. GORDON J. QUIST

    Defendant.
_____/

## MEMORANDUM REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Tammy Fredenburg, sued Defendant, J.C. Penney Corporation, Inc., alleging a claim for premises liability/negligence. Penney moved for summary judgment, and the Court heard oral argument on July 6, 2017. For the reasons that follow, the Court will grant Penney's motion.

The pertinent facts regarding Fredenburg's fall are not in dispute. On July 16, 2015, while looking at curtains with a friend at a Penney store, Fredenburg stepped back without looking and tripped on the base of an endcap behind her. The base is rectangular in shape and abuts the upright back panel of the fixture. The base is 36 inches wide, 18 inches deep, four and one-half inches tall, and is covered in a wood-toned-and-grained laminate material. (ECF No. 67-3; 72-2.) The base/endcap is depicted in photographs Penney submitted in support of its motion. (ECF No. 67-3.) Penney had not received a complaint of a customer tripping on the base/endcap before Fredenburg's accident.

Penney has no duty to protect Fredenburg from dangers that are open and obvious. *Bertrand v. Alan Ford, Inc.*, 449 Mich. 606, 609, 537 N.W.2d 185, 186 (1995) (citations omitted). A condition is considered open and obvious if "it is reasonable to expect that an average person with

ordinary intelligence would have discovered it upon casual inspection." *Hoffner v. Lanctoe*, 492 Mich. 450, 461, 821 N.W.2d 88, 94–95 (2012) (footnote omitted). The base/endcap was open and obvious because a reasonable person with ordinary intelligence would have seen it. Although the base/endcap was a similar color to that of the floor, the difference in color and its height from the floor sufficiently set it off such that a reasonable person would have seen it. No reasonable juror would conclude that the base was not open and obvious.

The base/endcap did not have any special aspects that rendered it unreasonably dangerous. *Lugo v. Ameritech Corp., Inc.*, 464 Mich. 512, 517, 629 N.W.2d 384, 386–87 (2001). The fact that Fredenburg was distracted by Penney's merchandise is insufficient to create an issue for the jury. "The issue is not merely whether there was an issue of material fact as to whether plaintiff was distracted from an open and obvious condition." *Freeman v. Kmart Corp.*, No. 331224, 2017 WL 2463407, at *5 (June 6, 2017) (per curiam) (citing *Kennedy v. Great Atl. & Pac. Tea Co.*, 274 Mich. App. 710, 717, 737 N.W.2d 179, 184 (2007)). Rather, the question is whether there was anything unusual about the distraction that would preclude application of the open and obvious condition. *Id.* (citing *Kennedy*, 274 Mich. App. at 716–18, 737 N.W.2d at 184–85). Fredenburg has not shown that there was anything unusual about the distraction in this case that would preclude application of the open and obvious doctrine.

A separate Order will enter.

Dated: July 7, 2017                    /s/ Gordon J. Quist
                                                                        GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE